UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:12 CR 000165 JVB-PRC |
| v. ) | |
| ) | |
| KEVIN PAUL BREWSTER ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Kevin Paul Brewster stands before this Honorable Court for sentencing after admitting that, on four separate occasions between 2009 and 2011, he caused a six to nine year-old child identified in the Indictment as Jane Doe to engage in sexual acts while he memorialized the sexual abuse of the child on videotape. *See* DE # 1 (Indictment), Counts 1-4; DE # 29. Defendant has also admitted that he knowingly received child pornography (produced by others) via the Internet and knowingly possessed that material for his own private use. DE # 1, Counts 5 and 6; DE # 29.

The Presentence Report prepared in this case provides a detailed account of the egregious nature and circumstances of Defendant's offense conduct, *see* DE # 43, which will not be rehashed in this public filing. In addition to considering that summary, the government hereby gives notice of its intent to tender to the Court the child pornography videos produced by

1

Defendant for the Court's *in camera* review prior to sentencing. Some criminal conduct must be seen to be fully comprehended and thanks to Defendant's own depravity, the Court can see and hear Defendant's sexual abuse and exploitation of Jane Doe first-hand. The government also respectfully requests that the Court consider at sentencing the lasting and devastating impact Defendant's crimes have had upon the children he abused and their family members. The government will present its victim impact evidence at Defendant's sentencing hearing on January 30, 2014 at 1:30p.m.

Based upon Defendant's offense conduct, the United States Sentencing Guidelines, as applied by Probation, recommend that Defendant be ordered to spend the rest of his life in prison. *See* DE # 43, para. 101. The Guidelines arrive at that recommendation after adding the following applicable enhancements to Defendant's Base Offense Level of 32 for each of Counts 1-4 and Counts 5 and 6 which group together:

- Four levels pursuant to Guideline § 2G2.1(b)(1)(A) because Jane Doe had not yet attained the age of 12;
- Two levels pursuant to Guideline § 2G2.1(b)(2)(A) because Defendant's offenses involved the commission of sexual acts by Jane Doe;
- Four levels pursuant to Guideline § 2G2.1(b)(4) because the

2

    material Defendant produced portrays sadistic or masochistic conduct or other depictions of violence involving Jane Doe;

- Two levels pursuant to Guideline § 2G2.1(b)(5) because Jane Doe was in Defendant's custody, care or supervisory control at the time he committed the offenses; and

- Two levels pursuant to Guideline § 2G2.1(b)(6)(B) because, for the purpose of producing sexually explicit material, Defendant used a computer to show Jane doe pornography featuring other children engaging in sexual acts in an effort to persuade, induce, entice and coerce her to engage in sexually explicit conduct which he could then videotape.

The proper application of these enhancements is undisputed by the parties.

    Per § 3D1.2 of the Guidelines, Counts 1 through 4 are specifically excluded from the grouping rules. This is because each episode of the production of child pornography harms the victim in a separate and distinct fashion. *See United States v. Wise*, 447 F.3d 440 (5th Cir. 2006) ("The district court's decision to treat Wise's production counts occurring on different days as separate harms was consonant with both the plain language of § 3D1.2 and the examples in the commentary[, as well as] the circuit courts that have addressed this and closely related issues.") (citing *United States v. Searle*, 65

3

Fed. Appx. 343, 346 (2d Cir.2003) (unpublished) (considering multiple counts of production of child pornography involving one victim and concluding that the district court properly declined to group the counts because the child victim "was harmed separately by the conduct embodied in each count of conviction"); *United States v. Big Medicine*, 73 F.3d 994, 997 (10th Cir.1995) (holding that the defendant's seventy-five instances of sexual contact with the same minor should not be grouped)). The Seventh Circuit reached the same conclusion in *United States v. Von Loh*, 417 F.3d 710, 714 (7th Cir. 2005), a statutory rape case in which it rejected the defendant's claims that his counts of engaging in sexual acts with the same minor on separate dates should be grouped together. Accordingly, Probation correctly arrived at a Combined Adjusted Offense Level of "50" for Defendant, which is seven levels higher than the highest level contemplated by the U.S. Sentencing Commission.

The parties disagree as to whether Defendant is entitled to full credit for acceptance of responsibility in this case. *See* DE # 44 (PSR Addendum). The PSR includes Jane Doe's estimate of the number of times she was sexually abused by Defendant. *See* DE # 43, paras. 5-11. According to Jane Doe, the abuse happened several times each week for approximately three years and Defendant recorded the abuse between 20-30 times. Defendant objects to that portion of the PSR, claiming "[t]he only times [he sexually abused Jane

4

Doe] were the ones that he actually video[]taped." Although it is true that a Defendant may "remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain [a reduction for acceptance of responsibility under § 3E1.1]," a defendant who "falsely denies or frivolously contests" relevant conduct that "the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." § 3E1.1, Application Note 1(a). The dispute is academic under the Guidelines, however, because either way Defendant's Total Offense Level is at least four levels *above* Level 43, which calls for a sentence of life in prison.

Defendant does not object to Probation's calculation of his applicable Guideline range, but he does object to Probation's sentencing recommendation on the grounds that "this is his first offense" and also "due to his mental health issues." DE # 42. Defendant's arguments do not support his request for leniency, however. To the contrary, they underscore the need for Defendant to receive a life sentence or its equivalent, which the government respectfully suggests is the only sentence that is sufficient but not greater than necessary to satisfy the factors set forth in 18 U.S.C. § 3553(a).

This may be the first time Defendant has been brought to justice for sexually abusing children but it is inaccurate to call this his "first offense." For at least three years before he was caught and charged in this case

5

Defendant was knowingly receiving and possessing child pornography, showing the smut to Jane Doe to coax her to engage in similar acts beginning when she was only 6 years old, and regularly sexually abusing Jane Doe and another, even younger child while (sometimes) videotaping the abuse. The term "first offender" is no more applicable to Defendant than it was to Jeffrey Dahmer when he was finally caught and convicted. The fact that Defendant managed to commit heinous crimes with impunity for years before being caught and brought to justice should not work to his benefit at sentencing.

Defendant's attempt to use his mental health history to his advantage should likewise fail. Section 3553(a) requires the Court to impose a sentence that will be sufficient but not greater than necessary to protect the public from further crimes of Defendant. If anything, Defendant's documented history of severe mental defects weighs *against* giving him a below-Guideline sentence. As Judge Posner explained in *United States v.* Garthus, 652 F.3d 715, 717 (7th Cir. 2011), while a defendant's diminished capacity may in some contexts argue for a lighter sentence, when it comes to crimes driven by sexual desire it actually argues for a heavier sentence. Behavior that is driven by sexual desire "requires active resistance by the person tempted to engage in it, if it is to be avoided," Posner explained, "and diminished capacity weakens the ability to resist. *Id.*

The psychological reports Defendant provided for the Court's review show that he has a documented history of being unable to control his own impulses. *See, e.g.,* DE # 43, para. 134. (citing a 1994 report which noted that Defendant had an "inability to control angry impulses," that he experiences "explosive anger and rage," and that he has "difficulty with impulses" among other things). Even worse, according to Defendant, the psychotropic medication he has been prescribed for his various diagnosed mental defects are "not working." *Id.,* para. 132. Thus, not only does Defendant have long-standing and documented mental defects which contribute to his poor impulse control, but those conditions remain unresponsive to treatment ten years after first being diagnosed. The proof is in the proverbial pudding; the investigation in this case shows that since being diagnosed Defendant has failed to control his impulse to sexually abuse and exploit children. As Judge Posner explained, "A pedophilic sex offender who has committed both a child-pornography offense and a hands-on sex crime is more likely to commit a future crime, including another hands-on offense, than a defendant who has committed only a child-pornography offense." *Garthus*, 652 F.3d at 720 (J. Posner) (quoting Drew A. Kingston et al., "Pornography Use and Sexual Aggression: The Impact of Frequency and Type of Pornography Use on Recidivism Among Sexual Offenders," 34 Aggressive Behavior 1, 9 (2008);

7

Michael C. Seto & Angela W. Eke, "The Criminal Histories and Later Offending of Child Pornography Offenders," 17 Sexual Abuse 201, 207 (2005) (tab. 3)). There can be no question that if given the opportunity in the future, Defendant will once again give in to his impulse to abuse any child with whom he comes into contact.

The seriousness of Defendant's offense conduct in this case simply cannot be overstated. Defendant sexually abused and exploited a vulnerable prepubescent child who was entrusted to his custody, care or supervisory control. Defendant caused the child victim to engage in sadistic or masochistic conduct or other depictions of violence for his own sexual satisfaction. Defendant groomed the child for this sexual activity by showing her illegal images and videos of other children being sexually exploited and abused. And Defendant documented his abuse of the child on videotape. This heinous criminal activity is certainly deserving of a within-Guideline sentence.

The Seventh Circuit has upheld "lengthy sentences for defendants involved in producing child pornography, even where the victims were not molested in the process." *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012). In *United States v. Noel*, 581 F.3d 490 (7th Cir. 2009), the Seventh Circuit upheld an 80-year sentence where a defendant, while babysitting his

8

stepbrother's child, abused his position of trust and took nude photos of the child while he slept. *See also United States v. Reibel*, 688 F.3d 868 (7th Cir. 2012) (per curium).

In *United States v. Chapman*, 694 F.3d 908 (7th Cir. 2012), the Seventh Circuit affirmed a sentence of 40 years for the production of child pornography depicting children as young as 12 years old engaged in sexually explicit conduct. Chapman's videos sometimes captured his hand, which was seen fondling the minor's penis, or his voice, coaching the minor to masturbate for the camera. The Seventh Circuit cited *Klug* and *Noel* to emphasize that they had "upheld lengthy sentences for producers of child pornography even where, in contrast with Chapman's case, victims were not molested in the process." *Chapman*, 694 F.3d at 916. Despite the fact that a 40 year sentence for Chapman (who was 46 years old at the time), was effectively a life sentence, the Seventh Circuit upheld it as presumptively reasonable because it was within the properly calculated Guideline range. *Id*. The Seventh Circuit also held that the sentence imposed was "consistent with the gravity of Chapman's conduct" as well as reasonable in light of the court's mandate to "deter those tempted to commit similar crimes." *Id*. Further driving the Chapman court's decision was the "actual harm" inflicted upon his victims by Chapman: "[F]or the rest of their lives Chapman's victims will live with his

9

crimes." *Id*. at 917. Citing to *Klug* and to the Supreme Court's decision in *New York v. Ferber*, 458 U.S. 747, 757 (1982), the Seventh Circuit concluded with the following: "As we recently explained, child pornography is pernicious precisely because the harm it produces is not limited to the sexual abuse it depicts." *Id*. (internal citations omitted).

WHEREFORE for the reasons stated herein and at Defendant's upcoming sentencing hearing, the government respectfully requests that the Court sentence Defendant to a lifetime term of incarceration (or its equivalent), followed by a lifetime term of supervised release.

                        Respectfully submitted,

                        DAVID CAPP
                        United States Attorney

            By:   / S /   *Jill Rochelle Koster*
                 JILL ROCHELLE KOSTER
                 Assistant United States Attorney
                 5400 Federal Plaza, Suite 1500
                 Hammond, Indiana 46320
                 (219) 937-5500

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to defense counsel of record.

                                              By:   */ S /   Jill Rochelle Koster*
                                                        JILL ROCHELLE KOSTER
                                                        Assistant United States Attorney
                                                        5400 Federal Plaza, Suite 1500
                                                        Hammond, Indiana 46320
                                                        (219) 937-5500